**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Tyler Totaram, *also known as* Tyler A. Totaram, *also known as* Tyler Alexander Totaram,<br><br>Plaintiff,<br><br>-v-<br><br>Wells Fargo Bank, N.A., Trans Union LLC, *also known as* TransUnion, Experian Information Solutions, Inc.,<br><br>Defendants. | 2:24-cv-7304 (NJC) (LGD) |

**ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

On October 17, 2024, Plaintiff Tyler Totaram initiated this action against Defendants Wells Fargo Bank, N.A., Trans Union LLC, and Experian Information Solutions, Inc., bringing claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq., and the New York Fair Credit Reporting Act (the "NYFCRA"), GBL § 374, et seq., arising from Defendants' alleged failure to investigate and correct inaccurate credit reporting resulting from identity theft and unlawful attempts to collect on a fraudulent debt. (*See generally*, ECF No. 1.) After discovery, Defendants filed a motion to amend their answers and counterclaims. (*See* ECF Nos. 55, 56, 57.) Totaram opposed. (ECF No. 58.) On November 13, 2025, I referred the motion to Magistrate Judge Lee Dunst for a written report and recommendation. (Elec. Order, November 13, 2025.)

On March 31, 2026, Judge Dunst issued a Report and Recommendation ("R&R") recommending that Defendants' motion be granted in its entirety. A copy of the R&R was provided to all parties' counsel via ECF on March 31, 2026. (ECF No. 71.) The R&R instructed

that any objections to its findings must be filed within fourteen (14) days of service of the R&R. (R&R at 12.) Consequently, the deadline for objections was April 14, 2026. *See* Fed. R. Civ. P. 72(b)(2) (requiring a party to file objections to a magistrate judge's report and recommendation within 14 days of service). The date for filing objections to the R&R has thus expired, and no party has filed an objection to the R&R.

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no objections are filed, a district court reviews a report and recommendation for clear error. *King v. Paradise Auto Sales I, Inc.*, No. 15-cv-1188, 2016 WL 4595991, at *1 (E.D.N.Y. Sept. 2, 2016). Because no party has timely filed objections to the R&R, I may review the R&R for clear error. *Id*. Nevertheless, I reviewed the R&R de novo out of an abundance of caution.

Having reviewed the motion papers, the applicable law, and the R&R, I adopt the R&R's recommendation to grant Defendants' motion to amend in its entirety.

**CONCLUSION**

For the reasons set forth above, I adopt the R&R and grant Defendants' motion to amend their answers and counterclaims. (ECF Nos. 55, 56, 57.) Defendants shall file amended answers and counterclaims by September 2, 2026.

Dated: Central Islip, New York
August 26, 2026

*/s/ Nusrat J. Choudhury*
NUSRAT J. CHOUDHURY
United States District Judge

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**--------------------------------------------------------X**

TYLER TOTARAM a/k/a TYLER A. TOTARAM a/k/a TYLER ALEXANDER TOTARAM,

Plaintiff,

v.

WELLS FARGO BANK, N.A.; TRANS UNION LLC a/k/a TRANSUNION; and EXPERIAN INFORMATION SOLUTIONS, INC.

Defendants.

**--------------------------------------------------------X**

**REPORT AND RECOMMENDATION**

2:24-cv-07304-NJC-LGD

**LEE G. DUNST, Magistrate Judge:**

Presently before the Court is Defendants Wells Fargo Bank N.A. ("Wells Fargo"), Trans Union LLC ("Trans Union") and Experian Information Solutions, Inc.'s ("Experian," and together, the "Defendants") Motion to Amend the Answer and Counterclaims (the "Motion" or "Mot.") pursuant to Federal Rule of Civil Procedure 15(a)(2). *See* Electronic Case File Numbers ("ECF No.") 55, 56, 57. On November 13, 2025, Judge Nusrat J. Choudhury referred the Motion to the undersigned for a Report and Recommendation. *See* Nov. 13, 2025 Order. For the following reasons, the undersigned respectfully recommends that the Motion be granted.

## I. BACKGROUND

### A. Relevant Procedural Background

Plaintiff initiated this action on October 17, 2024 (*see* ECF No. 1), and Defendants timely filed their Answers. *See* ECF Nos. 24, 29, 31. Pursuant to the February 18, 2025 Case Management Order entered by the undersigned, the Court set May 16, 2025 as the deadline for amendment of the pleadings. *See* ECF No. 38. The undersigned also ordered that "[a]ny motion to amend the pleadings to add claims or join additional parties filed on or after 5/17/2025 will be

denied absent a showing of good cause under Fed. R. Civ. P. 16(b)(4). *See Sacerdote v. New York University*, 9 F. 4th 95, 115 (2d. Cir. 2021).” *Id.*

On May 19, 2025, Plaintiff filed a “Motion for Discovery” seeking a conference regarding a discovery dispute, which included Plaintiff’s Motion to Quash Defendant Experian’s subpoena directed to non-party Credit Repair Boss. *See* ECF No. 41. On June 2, 2025, the Court granted in part and denied in part the Motion to Quash, and permitted some discovery from Credit Repair Boss. *See* June 2, 2025 Order.

On October 15, 2025, Wells Fargo filed the present Motion. *See* ECF No. 55. Trans Union and Experian then filed Motions for Joinder in connection with the Motion shortly thereafter. *See* ECF Nos. 56, 57. On November 7, 2025, Plaintiff filed his opposition to the Motion. *See* ECF No. 58 (the “Opposition” or “Opp”.). Judge Choudhury referred the Motion to the undersigned for a Report and Recommendation on November 13, 2025. *See* Nov. 13, 2025 Order. On November 21, 2025, Defendants filed a reply in support of the Motion. *See* ECF No. 60 (the “Reply”).

On December 1, 2025, the undersigned requested further information from the parties in support of the Motion and Opposition. *See* Dec. 1, 2025 Order. The parties filed their respective responses on December 2, 2025. *See* ECF Nos. 62, 63.

Following an unsuccessful Settlement Conference on January 20, 2026, the undersigned requested a status report from the parties. *See* Jan. 20, 2026 Order. On February 3, 2026, the parties submitted a joint status report in which Plaintiff confirmed he was maintaining his opposition to the Motion. *See* ECF No. 68.

B. <u>Relevant Factual Background</u>

Plaintiff brings claims against Defendants arising under the Fair Credit Reporting Act ("FCRA") (15 U.S.C. § 1681, *et seq.*) and its implementing Regulation V (12 C.F.R. Part 1022), the Fair Debt Collection Practices Act ("FDCPA") and its implementing Regulation F (15 U.S.C § 1692, *et seq*. and 12 C.F.R § 1006.1, *et seq*.), and New York General Business Law ("GBL") which codifies New York's Fair Credit Reporting Act (the "NYFCRA") (GBL § 374, *et seq*.) arising from an alleged incident of identity theft against Plaintiff. *See* ECF No. 1 (the "Complaint" or "Compl.") ¶ 1, 13.

Defendant Experian initially subpoenaed non-party Credit Report Boss on or about March 19, 2025 (*see* Reply at 1), and the subpoena was the subject of Plaintiff's Motion to Quash on May 19, 2025. *See* ECF No. 41 at 1. Notably, Credit Repair Boss did not object to this subpoena. *See* June 2, 2025 Order. Following the Court's June 2, 2025 Order in which the Court denied in part the Motion to Quash, the parties completed fact discovery, which in relevant part, included: (1) document productions by Credit Report Boss on June 23, 2025 and July 9, 2025; (2) depositions of two Credit Report Boss employees on August 27, 2025; and (3) Plaintiff's deposition on September 11, 2025. *See* Mot. at 1. Fact discovery closed, pursuant to this Court's order, on September 19, 2025. *See* Sept. 3, 2025 Order (granting extension of fact discovery deadline).

In its June 23, 2025 document production, Credit Report Boss produced a document titled "Claim Recovery Remittance Agreement," (the "CRR Agreement") between Plaintiff and New Hope Credit Services Inc. ("New Hope").[1] *See* Mot. at 1, Opp. at 1. The CRR Agreement states, in part, that Plaintiff agreed to "remit[] all of [his] monetary recovery to New Hope . . . for any

---

[1] While the CRR Agreement references "New Hope Credit Services Inc," the footer on the document also references Credit Repair Boss. *See* ECF No. 55-2 at 2.

and all claims, demands, and cause or causes of action of any kind whatsoever discovered by [New Hope], which [Plaintiff] has or may have against any entity, person or persons arising under" the FCRA, FDCPA, and "any applicable state or local laws related to a consumer law legal claim." *See* Mot. at 1-2. During the August 27, 2025 deposition of Credit Repair Boss employee Samantha Oh, she testified regarding Credit Repair Boss' role in assisting Plaintiff with "fact-finding and evidence-gathering in pursuit of this private federal claim," and referring him to an attorney pursuant to the terms of the CRR Agreement. *See* Mot. at Ex. 3 at 32:1-34:19. During the September 11, 2025 deposition of Plaintiff, Plaintiff testified to his understanding of the CRR Agreement. *See* Mot. at Ex. 4 at 238:17-23; 279:15-19.

Plaintiff did not produce the CRR Agreement during discovery. *See* Mot. at 1-2. On the contrary, in his Motion to Quash, Plaintiff argued that any documents from Credit Repair Boss would be, in essence, not relevant to this dispute. *See* ECF No. 41 at 3 (in which Plaintiff argued "no information can be received from either Plaintiff's counsel or Credit Repair Boss that would shed any light as to why the incorrect, wrongful, and inaccurate information remained on Plaintiff's credit report").

## II. DISCUSSION

Defendants now contend that the CRR Agreement, coupled with the deposition testimony of Ms. Oh and Plaintiff, necessitates amendment of their affirmative defenses to include a standing defense and a champerty defense. [2] *See* Mot. at 1. Plaintiff opposes the Motion, arguing

[2] Champerty is a common law doctrine to "prevent or curtail the commercialization or trading in litigation," and is codified in New York's Judiciary Law § 489. *Silverman, Tr. of Ests. of Nat'l Events Holdings, LLC v. Citibank, N.A.*, 665 B.R. 206, 212 (S.D.N.Y. 2024) (quoting *Bluebird Partners, L.P. v. First Fid. Bank, N.A.*, 94 N.Y.2d 726, 729 (2000)). That is, if the primary purpose of an assignment is to bring a lawsuit or proceeding, then the assignment is in violation of the champerty statute and therefore is null and void. *See Justinian Cap. SPC v. West LB AG*, 28 N.Y.3d 160, 166 (2016) (finding champertous conduct where the lawsuit was not merely an incidental or secondary purpose of an assignment, but "its

that Defendants have not shown good cause for amending their affirmative defenses after the Court's May 16, 2025 deadline, so that granting leave to amend at this stage would cause Plaintiff to suffer "undue prejudice." *See* Opp. at 1.

A. <u>Legal Standard</u>

Generally, Federal Rule of Civil Procedure 15(a) applies to amendments made prior to a scheduling order's deadline to amend, while Federal Rule of Civil Procedure 16(b) applies when amendments are sought after a deadline to amend has passed. *See Stone #1 v. Annucci*, No. 20-CV-1326-RAO-TW, 2024 WL 2032915, at *3 (S.D.N.Y. May 7, 2024) (granting leave to amend after the deadline for amendment had passed); *see also Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 115 (2d Cir. 2021) ("At the outset of the litigation, a plaintiff may freely amend her pleadings pursuant to Rule 15(a)(1) as of right without court permission . . . [t]he period of "liberal" amendment ends if the district court issues a scheduling order setting a date after which no amendment will be permitted …but the plaintiff may [amend] up [sic] a showing of the "good cause" that is required to modify a scheduling order under Rule 16(b)(4).") "Where . . . the Court sets a deadline for amendments to the complaint and a party moves to amend once the deadline has passed, the Court must balance the more liberal standard of Rule 15(a) against the requirements of Federal Rule of Civil Procedure 16(b)." *See Stone #1,* No. 20-CV-1326-RAO-TW, 2024 WL 2032915, at *3 (S.D.N.Y. May 7, 2024) (quoting *AT&T Corp. v. Atos IT Sols. & Servs., Inc.,* 714 F. Supp. 3d 310 (S.D.N.Y. 2024)). While Rule 15(a) is considered more flexible, Rule 16(b)(4) requires "good cause" for amendment. *See International Technologies Marketing, Inc. v. Verint Systems, Ltd.*, 850 F. App'x 38, 43 (2d Cir. 2021).

---

very essence"). Champerty is an affirmative defense, and the defendant bears the burden of proof. *See Phoenix Light SF Ltd. v. U.S. Bank*, 612 F. Supp. 3d 263, 281 (S.D.N.Y. 2020).

Once a Court has found that there is good cause to amend under Rule 16, "[t]he court should freely give leave when justice so requires" under Rule 15. A Rule 15(a) motion "should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *Richardson Greenshields Securities, Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987); *see also Cajilema v. Barrett Roofs, Inc.*, 794 F. Supp. 3d 102, 107 (E.D.N.Y. 2025) (holding that in the absence of "undue delay, bad faith or dilatory motive on the part of the movant," leave to amend should be "freely given"). Delay alone, however, is an insufficient justification for the denial of a motion to amend under Rule 15(a). *See Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir. 1993); *see also State Teachers Retirement Bd. v. Fluor Corp.,* 654 F.2d 843, 856 (2d Cir. 1981) (holding that "[m]ere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend"). Rule 15 places the burden on the party opposing a motion to amend to demonstrate that the motion should be denied for undue delay, prejudice, bad faith, or futility. *See Qanouni v. D&H Ladies Apparel LLC,* No. 18CV2763 (GBD) (DF), 2021 WL 9036182, at *6 (S.D.N.Y. Mar. 23, 2021) (holding that under Rule 15, "the party opposing a motion to amend bears the burden of establishing that the amendment should be denied"); *see also Blaskiewicz v. County of Suffolk*, 29 F. Supp. 2d 134, 137-38 (E.D.N.Y. 1998) (citation omitted) (the court held that the opposing party bore the burden of demonstrating that leave to amend was prejudicial or futile).

B. <u>Defendants' Motion Meets the Rule 15 and Rule 16 Standards to Amend</u>

Here, Defendants demonstrate good cause to amend pursuant to Rule 16(b), and Plaintiff does not show that amendment would cause undue delay or prejudice, nor that amendment would be futile under Rule 15(a).

1. <u>Defendants Demonstrate Good Cause to Amend Under Rule 16</u>

Whether good cause exists under Rule 16(b) "depends on the diligence of the moving party. . . . [and] the movant must show that the deadlines could not have been reasonably met despite its diligence." *Volunteer Fire Association of Tappan, Inc. v. County of Rockland*, No. 09-CV-4622, 2010 WL 4968247, at *3 (S.D.N.Y. Nov. 24, 2010). "A party is not considered to have acted diligently where the proposed amendment is based on information that the party knew, or should have known, in advance of the motion deadline." *Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 174-75 (S.D.N.Y. 2014) (internal quotation marks omitted). The burden is on the moving party to demonstrate good cause. *See Qanouni*, No. 18CV2763 (GBD) (DF), 2021 WL 9036182, at *6 (S.D.N.Y. Mar. 23, 2021) (holding that pursuant to Rule 16, the "moving party must demonstrate good cause for a belated motion"). Nonetheless, "the decision as to whether to let Rule 16(b) stand as a bar to amendment lies within the court's discretion." *See id.* (citing *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339-41 (2d Cir. 2000)).

Defendants here have demonstrated good cause pursuant to Rule 16(b), as the proposed amendment is based on information that Defendants did not know, or should have known, in advance of the May 16, 2025 deadline. Defendants timely served the Credit Repair Boss subpoena in March 2025 but did not receive the CRR Agreement until June 2025. Plaintiff argues that Defendants were "not diligent in investigating the foreseeable relationship between Plaintiff and his credit repair advisors before the May 17 deadline," (Opp. at 2), but Defendants served the subpoena two months before the deadline to amend, and well in advance of the fact discovery deadline. Notably, Plaintiff did not produce the CRR Agreement himself and, in fact, sought unsuccessfully to quash the subpoena to Credit Repair Boss. The Court finds that Defendants were diligent in obtaining the CRR Agreement and promptly moving to amend once

they gathered the relevant testimony on the document – thus, good cause to amend exists under Rule 16(b).

2. Plaintiff Fails to Demonstrate Undue Delay, Futility, or Prejudice

Plaintiff has failed to demonstrate undue delay, futility, or prejudice, and thus he has not met his burden to oppose amendment under Rule 15(a)(2).

a. The Motion is Timely

The record laid out in both the Motion and the Opposition demonstrates the events preceding the proposed amendment as follows:

- On February 18, 2025, the Court entered a Case Management Order, setting the deadline for amendment of pleadings as May 16, 2025. *See* Feb. 18, 2025 Order.
- In that same order, the Court stated that "[a]ny motion to amend the pleadings to add claims or join additional parties filed on or after 5/17/2025 will be denied absent a showing of good cause under Fed. R. Civ. P. 16(b)(4). *See Sacerdote v. New York University*, 9 F. 4th 95, 115 (2d. Cir. 2021)." *Id.*
- Experian issued a subpoena to Credit Repair Boss on March 19, 2025. *See* ECF No. 41-1.
- The parties met and conferred on the subpoena on April 4, 2025. *See* Reply at 1.
- The parties submitted a joint letter containing Plaintiff's Motion to Quash the subpoena to Credit Repair Boss on May 19, 2025. *See* ECF No. 41.
- The Court granted in part and denied in part Plaintiff's Motion to Quash. *See* June 2, 2025 Order.
- Credit Repair Boss produced documents in response to the subpoena on June 23, 2025, and July 9, 2025. *See* Mot. at 1. This document production included the CRR Agreement, which Plaintiff had not previously produced during the course of discovery. *See id.*

- Defendants deposed two Credit Repair Boss employees on August 27, 2025. *See id.*
- Defendants deposed Plaintiff on September 11, 2025. *See id.*
- The parties met and conferred on October 10, 2025 to review Defendants' proposed amended answer. *See* Mot. at 2.
- On October 15, 2025, Wells Fargo filed the Motion. *See* ECF No. 55. Trans Union and Experian promptly filed Motions for Joinder. *See* ECF Nos. 56, 57.

Based on this chronology, Plaintiff has not demonstrated that Defendants unduly delayed amendment. Defendants did not sit on their hands once they finally received the CRR Agreement after the Court denied in part Plaintiff's Motion to Quash on June 2, 2025, but pursued subsequent necessary discovery related to the CRR Agreement. *See Qanouni*, 2021 WL 9036182, at *9 (holding that plaintiffs "actively engaged" in efforts to prepare amendment from when they first learned new evidence to when they moved to amend two months later); s*ee also Salomon v. Adderley Indus., Inc.*, 960 F. Supp. 2d 502, 507 (S.D.N.Y. 2013) (finding that "[b]ecause Plaintiffs learned about the putative employer status of the additional parties through discovery after the expiration of the scheduling order deadline, their inability to add the parties prior to the expiration of the deadline did not constitute a failure of diligence"); *Soroof Trading Dev. Co. v. GE Microgen, Inc*., 283 F.R.D. 142, 152 (S.D.N.Y. 2012) (in which the Court found that plaintiff "promptly moved to amend its complaint" one year and seven months from the deadline for amendment); *Securities and Exchange Commission v. DCI Telecommunications, Inc.,* 207 F.R.D. 32, 34–35 (S.D.N.Y. 2002) (allowing amendment of pleadings four months after the plaintiff learned relevant supporting facts). Defendants here sought to amend in a timely manner as they met and conferred with Plaintiff on October 10, 2025 – which was approximately four weeks after Plaintif's deposition, approximately six weeks after the Credit Repair Boss deposition, and

approximately four months after the Credit Repair Boss document production (which had been opposed by Plaintiff).

b. Amendment is Not Futile

In determining futility, the test that the Court must apply is whether "the proposed claim could not withstand a Fed. R. Civ. P 12(b)(6) motion to dismiss." *Salazar v. Browne Realty Assocs., L.L.C.*, 796 F. Supp. 2d 378, 383 (E.D.N.Y. 2011) (citing *Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). That is, the Court must determine if the proposed amendment contains "sufficient factual matter" which, accepted as true, states a claim that is "'plausible on its face'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

Plaintiff argues that the proposed amended affirmative defenses are futile. *See* Opp. at 3-5. The Court disagrees. The lack of standing defense is not futile because whether the CRR Agreement assigns proceeds of Plaintiff's FCRA claim itself is not a question of law, but one of fact. *See Santiago v. Steinhart*, No. 89 CIV. 2069 (RPP), 1993 WL 410402, at *2 (S.D.N.Y. Oct. 13, 1993) ("[I]f the alleged futility is based on factual issues which are in dispute, leave to amend should not be denied.") (citation omitted). Whether Plaintiff repudiated the CRR Agreement as he claims (Opp. at 4) is also a question of fact in dispute. *See id.* Viewing the proposed standing affirmative defense in a light most favorable to the moving party, the Court finds there is a colorable claim to assert the standing defense. *See Santiago,* No. 89 CIV. 2069 (RPP), 1993 WL 410402, at *2 (S.D.N.Y. Oct. 13, 1993). The champerty defense is similarly not futile at this stage of the litigation as Plaintiff relies on arguments concerning the purpose of the CRR Agreement (Opp. at 5), but that position, too, is premature at this stage of the litigation, and the defense is thus plausible on its face. *See id.*

c. <u>Amendment Does Not Prejudice Plaintiff</u>

Prejudice arises under Rule 15 when an amendment would require the party opposing amendment to "expend significant additional resources to conduct discovery and prepare for trial" or would "significantly delay the resolution of the dispute." *Block v. First Blood Assocs*., 988 F.2d 344, 350 (2d Cir. 1993).

Plaintiff argues that the proposed affirmative defenses would "necessitate a complete reopening of discovery . . . [and he] would be forced to notice and conduct depositions of New Hope, and likely re-depose CRB's corporate designee and Plaintiff himself." *See* Opp. at 3.

The Court is not persuaded by Plaintiff's argument. First, Plaintiff testified to his understanding of the CRR Agreement during his September 11, 2025 deposition, in which Plaintiff's counsel was present. *See* Mot. at Ex. 4 at 2:3-6. Moreover, Plaintiff's counsel apparently did not even attend the August 27, 2025 depositions of Credit Repair Boss employees — two months after the CRR Agreement was produced. *See* Reply at 2. Plaintiff cannot now argue that he is prejudiced by the claimed inability to re-depose Credit Repair Boss when he had two months to review the CRR Agreement yet chose neither to notice nor attend the Credit Repair Boss depositions. Moreover, Plaintiff chose not to notice the deposition of New Hope at any point between the production of the CRR Agreement and the fact discovery deadline, and the Court finds it unlikely that Defendants' prospective amendment of affirmative defenses would have changed that strategy. In any event, it is clear that Plaintiff will not have to expend significant additional resources to litigate this case when the claims remain the same, and all relevant parties and third parties were available for depositions before fact discovery closed. *Cf. JPMorgan Chase Bank, N.A. v. IDW Grp., LLC,* No. 08 Civ. 9116(PGG), 2009 WL 1357946, at **4–5 (S.D.N.Y. May 12, 2009) (finding no undue prejudice, even after discovery had concluded and amendment sought to add a new defendant).

## III. CONCLUSION

For the foregoing reasons, the undersigned recommends that the Motion be granted in its entirety.

## IV. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See* also Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Choudhury. FAILURE TO FILE TIMELY OBJECTIONS SHALL CONSTITUTE A WAIVER OF THOSE OBJECTIONS BOTH IN THE DISTRICT COURT AND ON LATER APPEAL TO THE UNITED STATES COURT OF APPEALS. See *Thomas v. Arn*, 474 U.S. 140, 154-55, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *F.D.I.C. v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995).

**SO ORDERED**:

Dated: Central Islip, New York
March 31, 2026

*/s/ Lee G. Dunst*

**LEE G. DUNST**
United States Magistrate Judge